**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO.:

**JOSE PUERTO, VERONICA LUNA, HAZELL MEJIA, IRIS CALIX**, and all others similarly situated under 29 U.S.C. § 216(b),

Plaintiffs,

vs.

**RINCONCITO SUPERLATINO 4, LLC**.

Defendant.
_____/

**COMPLAINT UNDER 29 U.S.C. §§ 201-16 OVERTIME WAGE VIOLATIONS, MINIMUM WAGE VIOLATIONS AND CONVERSION**

Plaintiffs, **JOSE PUERTO, VERONICA LUNA, HAZELL MEJIA**, and **IRIS CALIX** (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, file this Complaint against Defendant **RINCONCITO SUPERLATINO 4, LLC.** (hereinafter "Defendant"), and allege:

**JURISDICTION AND VENUE**

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216. This Court has jurisdiction under 29 U.S.C. § 216(B).

2. The Plaintiffs JOSE PUERTO, VERONICA LUNA, HAZELL MEJIA, AND IRIS CALIX were each residents of Miami-Dade County, Florida at the time the dispute arose and each is *sui juris*.

3. The Defendant RINCONCITO SUPERLATINO 4, LLC regularly transacts business in Miami-Dade County. The Defendant Corporation was the Plaintiffs' FLSA employer during

Plaintiffs' relevant period of employment ("the relevant time period").

4. Venue is proper in this Court because Plaintiffs were residents of Miami-Dade County, Florida, at the time the dispute arose, the Defendant does business in Miami-Dade, Florida, and the events giving rise to these claims occurred within Miami-Dade County, Florida.

5. Plaintiffs' worked for Defendant RINCONCITO SUPERLATINO 4, LLC in their restaurants.

6. Plaintiff JOSE PUERTO (hereinafter "PUERTO"), worked for Defendant as a sandwich maker and lunch preparer from on or about February 10, 2011 through on or about October 4, 2019.

7. Plaintiff VERONICA LUNA (hereinafter "LUNA"), worked for Defendant as a food server from on or about September 17, 2012 through on or about October 7, 2019.

8. Plaintiff HAZELL MEJIA (hereinafter "MEJIA"), worked for Defendant as a food server from on or about September 20, 2012 through on or about October 3, 2019.

9. Plaintiff IRIS CALIX (hereinafter "CALIX"), worked for Defendant as a food server from on or about October 20, 2013 through on or about October 4, 2019.

10. The acts and/or omissions giving rise to this Complaint arose in Miami-Dade County.

## COUNT I. - FEDERAL OVERTIME WAGE VIOLATION AS TO PLAINTIFFS' PUERTO, LUNA AND CALIX

11. Plaintiffs re-allege the factual and jurisdictional statements in paragraphs 1 through 10 as though fully set forth herein.

12. This action arises under the laws of the United States.

13. This case is brought as a collective action under 29 U.S.C. § 216(b).  It is believed that the Defendant has employed several other similarly situated employees like Plaintiffs who have

not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this Complaint back three years.

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section 216 for jurisdictional placement).

15. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

16. Plaintiff PUERTO worked for Defendant as a sandwich maker and lunch preparer at Defendant's restaurant.

17. As a sandwich and lunch preparer, Plaintiff's job duties required of him by Defendant, along with other employees, included preparing sandwiches and food obtained from local, national, and international sources, for customers who were local, national, and international residents.

18. Plaintiff LUNA and Plaintiff CALIX worked for Defendant as food servers at Defendant's restaurant.

19. As food servers, Plaintiffs' job duties required of them by Defendant, along with other employees, included serving foods obtained from local, national, and international sources, to customers who were local, national, and international residents.

20. Defendant's business activities involve those to which the Fair Labor Standards Act

applies. Both the Defendant's business and the Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period because the materials and goods Plaintiffs used on a constant and/or continual basis and/or that were supplied to Plaintiffs by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendant was actually in and/or so closely related to the movement of commerce while they worked for the Defendant that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant.

21. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce or used instrumentalities of interstate commerce as Plaintiffs did, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

22. Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the years 2016, 2017, 2018 and 2019.

23. Between the period of on or about February 10, 2011 through to on or about October 4, 2019, Plaintiff PUERTO worked an average of 48 hours a week for Defendant and was paid an average of $10.00 per hour for all hours worked per week but was not paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

24. Between the period of on or about September 12, 2012 through to on or about December 31, 2015, Plaintiff LUNA worked an average of 56 hours a week for Defendant, was paid $4.72 per hour for 40 hours of work per week and was paid nothing for

all hours worked in excess of 40 hours per week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time and a half overtime rate at the applicable minimum wage rate for each hour worked in excess of 40 in a week.

25. Between the period of on or about January 1, 2016 through to on or about October 7, 2019, Plaintiff LUNA worked 48 hours per week for 2 weeks per month for Defendant, was paid $5.23 per hour for 40 hours of work per week was paid nothing for all hours worked in excess of 40 hours per week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time and a half overtime rate at the applicable minimum wage rate for each hour worked in excess of 40 in a week.

26. Between the period of on or about January 1, 2016 through to on or about October 7, 2019, Plaintiff CALIX worked 44 hours per week for Defendant, was paid $5.25 per hour for 40 hours of work per week and was paid nothing for all hours worked in excess of 40 hours per week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time and a half overtime rate at the applicable minimum wage rate for each hour worked in excess of 40 in a week.

27. Defendant willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiffs these wages since the commencement of each Plaintiffs' employment with Defendant through to each of the Plaintiff's termination date respectively.

**WHEREFORE**, Plaintiffs PUERTO, LUNA and CALIX, request liquidated damages and reasonable attorney fees from Defendant under the Fair Labor Standards Act (FLSA), Fla. Const.

art. X § 24, Fla. Stat. § 448.109, and any other applicable authority, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiffs request a trial by jury.***

### COUNT II.  - FEDERAL MINIMUM WAGE VIOLATION AS TO PLAINTIFFS' LUNA, MEJIA, AND CALIX

28. Plaintiffs re-allege the factual and jurisdictional statements in paragraphs 1 through 27 as though fully set forth herein.

29. This action arises under the laws of the United States.

30. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.

31. 29 U.S.C. § 206(a)(1) states "… an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce…"  On July 24, 2009, Federal minimum wage was raised to $7.25/hr, where it has remained since that time.

32. Plaintiffs LUNA, MEJIA, and CALIX worked for Defendant as food servers.  As food servers, Plaintiffs' job duties required of them by Defendant, along with other employees, included serving foods obtained from local, national, and international sources, to customers who were local, national, and international residents.

33. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period because the materials and goods Plaintiffs used

on a constant and/or continual basis and/or that were supplied to Plaintiffs by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendant was actually in and/or so closely related to the movement of commerce while they worked for the Defendant that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant.

34. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce as Plaintiffs did thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

35. Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the years 2016, 2017, 2018 and 2019.

36. Between the period of or about September 12, 2012 through to on or about December 31, 2015, Plaintiff LUNA was paid $4.72 per hour.

37. Between the period of or about January 1, 2016 through to on or about October 7, 2019, Plaintiff LUNA was paid $5.23 per hour.

38. Defendant never gave Plaintiff LUNA notice that tips would be applied to cover the minimum wage deficiency that is otherwise available for food servers.

39. Between the period of or about September 20, 2012 through to on or about October 3, 2019, Plaintiff MEJIA was paid $5.23 per hour.

40. Defendant never gave Plaintiff MEJIA notice that tips would be applied to cover the minimum wage deficiency that is otherwise available for food servers.

41. Between the period of on or about January 1, 2016 through to on or about October 7, 2019, Plaintiff CALIX was paid $5.25 per hour.

42. Defendant never gave Plaintiff CALIX notice that tips would be applied to cover the minimum wage deficiency that is otherwise available for food servers.

43. The payment to Plaintiffs LUNA, MEJIA and CALIX by Defendant did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiffs claim the difference between the amounts paid the Plaintiffs and the applicable Federal Minimum Wage for all hours worked for the relevant time periods.

44. Defendant willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendant through to each of the Plaintiff's termination date respectively.

**WHEREFORE**, Plaintiffs LUNA, MEJIA, and CALIX request double damages and reasonable attorneys' fees from the Defendant pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiffs' entire employment period with Defendant or, as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs, interest, and any other relief that his Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## COUNT III . -  FLORIDA MINIMUM WAGE VIOLATION AS TO PLAINTIFFS' LUNA, MEJIA, AND CALIX[1]

45. Plaintiffs re-allege the factual and jurisdictional statements in paragraphs 1 through 44 as

---

[1] To the extent Plaintiffs' claim for Florida Minimum Wage overlaps Plaintiffs' claim for Federal Minimum Wage payments, Plaintiffs' are claiming the higher of the two applicable rates.

though fully set forth herein.

46. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

47. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

48. As of January 1, 2017, Florida's minimum wage was raised to $8.10/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2018, the Florida minimum wage was increased to $8.25/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2019, the Florida minimum wage was increased to $8.46/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2020, the Florida minimum wage was increased to $8.56/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

49. All conditions precedent pursuant to §448.110 have been met by Plaintiff to claim minimum wages against the Defendant.

**50.** On February 26, 2020, Plaintiff LUNA and Plaintiff MEJIA initially sent via FEDEX the required Florida Minimum Wage Notices to the Defendant pursuant to Florida Statute § 448.110(6)(a). See attached hereto a copy of the notices and proof of service of same as ***Exhibit A.***

51. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expired on March 20, 2020. However, as of the date of filing the instant Complaint, Plaintiff LUNA, Plaintiff MEJIA and the Defendant have been unable to resolve said Florida Minimum Wage violation.

52. On April 6, 2020, Plaintiff CALIX initially sent via USPS Certified Mail the required Florida Minimum Wage Notices to the Defendant pursuant to Florida Statute § 448.110(6)(a). See attached hereto a copy of the notices and proof of service of same as ***Exhibit B***.

53. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expired on April 29, 2020. However, as of the date of filing the instant Complaint, Plaintiff CALIX and the Defendant have been unable to resolve said Florida Minimum Wage violation.

54. Plaintiff LUNA worked for Defendant as a food server from on or about September 17, 2012 through on or about October 7, 2019.

55. Plaintiff MEJIA worked for Defendant as a food server from on or about September 20, 2012 through on or about October 3, 2019.

56. Plaintiff CALIX worked for Defendant as a food server from on or about October 20, 2013 through on or about October 4, 2019.

57. Plaintiffs LUNA, MEJIA, and CALIX worked for Defendant as food servers. As food servers, Plaintiffs' job duties required of them by Defendant, along with other employees, included serving foods obtained from local, national, and international sources, to customers who were local, national, and international residents

58. Additionally, Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while she worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

59. Between the period of or about September 12, 2012 through to on or about December 31, 2015, Plaintiff LUNA was paid $4.72 per hour for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $4.72/hr and the applicable minimum wage rate for all hours worked.

60. Between the period of or about January 1, 2016 through to on or about October 7, 2019, Plaintiff LUNA was paid $5.23 per hour for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $5.23/hr and the applicable minimum wage rate for all hours worked.

61. Defendant never gave Plaintiff LUNA notice that tips would be applied to cover the minimum wage deficiency that is otherwise available for food servers.

62. Between the period of or about September 20, 2012 through to on or about October 3, 2019, Plaintiff MEJIA was paid $5.23 per hour for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $5.23/hr and the applicable minimum wage rate for all hours worked.

63. Defendant never gave Plaintiff MEJIA notice that tips would be applied to cover the minimum wage deficiency that is otherwise available for food servers.

64. Between the period of on or about January 1, 2016 through to on or about October 7, 2019, Plaintiff CALIX was paid $5.25 per hour for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $5.25/hr and the applicable minimum wage rate for all hours worked.

65. Defendant never gave Plaintiff CALIX notice that tips would be applied to cover the minimum wage deficiency that is otherwise available for food servers.

66. The Defendant's wage payment practices to Plaintiff for the above mentioned time periods, did not meet the Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.

67. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Florida Minimum Wage

requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendant remains owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendant through to each of the Plaintiffs' termination date respectively.

**WHEREFORE**, the Plaintiffs requests double damages and reasonable attorney fees from the Defendant pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiffs' entire employment period with Defendant or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs requests a trial by jury*.

## COUNT IV. CONVERSION

68. Plaintiffs re-allege the factual and jurisdictional statements in paragraphs 1 through 67 as though fully set forth herein.

69. Defendant withheld money from all of Plaintiffs' paychecks allegedly to pay to the United States government on Plaintiffs' behalf for Plaintiffs' federal income, social security, and medicare taxes.

70. Defendant never paid any taxes on behalf of Plaintiffs.

71. All of the money that Defendant withheld from Plaintiffs' paychecks that was supposed to be paid to the United States government on Plaintiffs' behalf, was converted by the Defendant for their own use.

72. Plaintiffs' were damaged by Defendant's conversion of the money that was withheld from Plaintiffs' paychecks because Plaintiffs' were entitled to either receive that money

themselves or to have that money paid to the government on their behalf.

**WHEREFORE**, Plaintiffs request damages from the Defendant in the amount that was improperly withheld from their paychecks, the value of any and all benefits each Plaintiff lost due to Defendant's non-payment of same to the United States Government, plus court costs and interests, and any other relief that this Court finds reasonable under the circumstances.

*The Plaintiffs request a trial by jury.*

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300 71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
T: 305-865-6766
F: 305-865-7167

By: __/s/ J.H. Zidell_____
   J.H. Zidell, Esq.
   Florida Bar No.: 0010121