**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-21999-UU

JOSE PUERTO, *et al.*,

    Plaintiffs,

v.

RINCONCITO SUPERLATINO 4, LLC,

    Defendant.

_____/

**ORDER ON SUPPLEMENTAL JURISDICTION**

THIS CAUSE comes before the Court upon a *sua sponte* examination of the record.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

**I.  Background**

On May 13, 2020, Plaintiffs filed their putative collective action Complaint in this case. D.E. 1. In Counts I and II, Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") for failure to pay overtime and minimum wages. *Id.* In Count III, Plaintiffs allege violations of the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"). *Id.* And in Count IV, Plaintiffs bring a state law claim for conversion, alleging Defendant withheld monies from Plaintiffs' paychecks which was supposed to be used to pay taxes on Plaintiffs' behalf but which instead Defendant kept for its own use. *Id.*

**II.  Analysis**

    A.  <u>Jurisdiction under 28 U.S.C. § 1331</u>

Under 28 U.S.C. § 1331, this Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." In federal question jurisdiction under § 1331, "the question whether a claim 'arises under' federal law must be determined by reference

1

to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citations omitted). Here, Plaintiffs' well-pleaded complaint alleges FLSA violations in Counts I and II, and therefore the Court has jurisdiction under § 1331 over those claims. However, Counts III and IV allege no violation of any federal law, and thus there is no original jurisdiction over those counts. *See id.*

    B.  Supplemental Jurisdiction under 28 U.S.C. § 1367(a)

Count III alleges a FMWA violation, and Count IV alleges conversion under Florida common law. 28 U.S.C. § 1367(a) provides that in any civil action in which the district court has original jurisdiction, the court also has supplemental jurisdiction over all claims that are so related to claims in the action that "they form part of the same case or controversy." 28 U.S.C. § 1367(a). "The Eleventh Circuit has held that § 1367 gives federal courts the power to exercise supplemental jurisdiction over all state law claims that arise out of a common nucleus of operative fact with a substantial federal claim." *Cruz v. Winter Garden Realty, LLC*, No. 6:12-CV-1098-ORL-22, 2012 WL 6212909, at *2 (M.D. Fla. Nov. 27, 2012), *report and recommendation adopted*, No. 6:12-CV-1098-ORL-22, 2012 WL 6212847 (M.D. Fla. Dec. 13, 2012).

The Court is satisfied that the FMWA claim, Count III, arises out of a common nucleus of operative fact as Plaintiffs' federal wage claims. However, the conversion claim in Count IV is premised on completely different facts. Although the parties are the same, a general employer-employee relationship, standing alone, is insufficient to establish a nexus between the FLSA claims in Counts I and II and the conversion claim in Counts IV. *See Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09-80714-CIV-MARRA, 2009 WL 4807397, at *2 (S.D. Fla. Dec. 4, 2009) ("The only factor these claims share in common is that they concern identical parties; *i.e.,* Plaintiffs and Defendants. The Court finds such a nexus too attenuated to meet the standard for exercising supplemental jurisdiction."). The state-law conversion claim does not arise under the same theory,

2

or result from the same actions, as the FLSA claims. *Cf. O'Grady v. Dough*, No. 8:13-cv-1223-T-24TGW, 2013 WL 3063336, at *1–2 (M.D. Fla. June 18, 2013) (FLSA wage claims not part of the same nucleus of operative facts as negligent hiring, retaliatory termination, and related claims stemming from employee's sexual harassment of the plaintiffs). Further, the evidence required to prove Defendant's alleged FLSA underpayment differs greatly from the evidence required to prove that Defendant converted tax withholdings for its own use and benefit. Under Count IV, Plaintiffs will need to show not only that taxes were withheld from their paychecks, but also Defendant's intent and use of the withholdings, as well as the injury to Plaintiffs for not using the tax withholdings for their intended purpose. *See, e.g.*, *Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd.*, 450 So. 2d 1157, 1160–61 (Fla. 3d DCA 1984) (discussing elements of conversion under Florida law). This is in stark contrast to simply proving the hours worked and failure to receive statutory minimum wage and/or overtime for Counts I and II. *Cf. O'Grady*, 2013 WL 3063336, at *1 ("[T]he evidence in support of the FLSA claim will relate to Plaintiffs' hours worked, their wages paid, and the purported intent of Defendants, while the evidence in support of the state law claims will relate to the conduct of [the alleged harasser-employee] and his treatment of Plaintiffs…."). Accordingly, there is no supplemental jurisdiction under § 1367(a). *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997).

       C. <u>Declining to Exercise Supplemental Jurisdiction under § 1367(c)</u>

"However, even if the Court has the power to exercise supplemental jurisdiction over a state law claim, § 1367 also gives the Court the discretion to decline to exercise supplemental jurisdiction over a claim arising under state law when…the claim substantially predominates over the claim or claims over which the district court has original jurisdiction…." *Cruz v. Winter Garden Realty, LLC*, No. 6:12-CV-1098-ORL-22, 2012 WL 6212909, at *3 (M.D. Fla. Nov. 27, 2012) (quoting 28 U.S.C. §1367(c)).

Compared to the simple failure to pay minimum wages and/or overtime claims in Counts I through III, Count IV of the Complaint alleges pervasive tax evasion to Plaintiffs' detriment. This state law claim therefore substantially predominates over the FLSA claims. *See id.* Further, "[w]here § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997). Comity dictates that the Florida state courts, not this Court, should resolve issues under Florida common law. This is also consistent with Congressional intent in enacting FLSA, as the Third Circuit has explained:

> The substantive sections of the FLSA, narrowly focusing on minimum wage rates and maximum working hours, bear out its limited purposes. We find no indication that Congress passed the FLSA with the expectation that it was authorizing federal courts to exercise far-reaching jurisdiction over state-law disputes arising from employment relationships. This restrained view of the scope of federal jurisdiction is consistent with the Supreme Court's statement that "[i]n the Fair Labor Standards Act, Congress did not intend that the regulation of hours and wages should extend to the furthest reaches of federal authority.

*Lyon v. Whisman*, 45 F.3d 758, 764 (3d Cir. 1995) (quoting *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943)) (emphasis added).

Thus, even if the Court had supplemental jurisdiction over Count IV, it would decline to exercise it where, as here, the claim raises issues of Florida law that are better decided by state courts.

### III.    Conclusion

Accordingly, given the differing factual nature of Count IV and its tenuous connection to the FLSA counts in the Complaint, the Court finds that it does not have supplemental jurisdiction under 28 U.S.C. § 1367(a); even if it had jurisdiction, the Court would decline to exercise supplemental jurisdiction in this circumstance. Accordingly, it is

ORDERED AND ADJUDGED that Count IV of the Complaint, D.E. 1, is DISMISSED WITHOUT PREJUDICE for lack of supplemental jurisdiction under 28 U.S.C. § 1367(a) or, in the alternative, under § 1367(c). **ALL OTHER DEADLINES AND ORDERS REMAIN IN FULL FORCE AND EFFECT.**

DONE AND ORDERED in Chambers at Miami, Florida, this _13th__ day of May, 2020.

*Ursula Ungaro*
_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided to: counsel of record